**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**219 SOUTH DEARBORN STREET**
**CHICAGO, ILLINOIS 60604**

FILE COPY

MICHAEL W. DOBBINS

312-435-5698

**June 3, 2008**

Northern District of Indiana
5400 Federal Plaza
Hammond, IN 46320

Dear Clerk:

FILED
6-10-08
JUN 1 0 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**Re:   Reginald Edward Garrett**

Our Case Number: 08 CR 446 .

Enclosed is a certified copy of the Probation Form 22, Transfer of Jurisdiction, regarding Reginald Edward Garrett, which has been accepted and assumed by this Court in the Northern District of Illinois, Eastern Division.

Please forward a certified copy of the indictment/information, judgment and docket along with the enclosed copy of this letter to the United States District Court at the above address.  Your prompt attention to this matter is greatly appreciated.

Sincerely,

Michael W. Dobbins
Clerk

by:    Laura Springer
        Deputy Clerk

Enclosure

FILED
JUN 05 2008
AT..............................M
STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

H8, TERMED

## U.S. District Court Northern District of Indiana [LIVE]
## USDC Northern Indiana (Hammond)
## CRIMINAL DOCKET FOR CASE #: 2:06-cr-00188-PPS-APR All Defendants
## Internal Use Only

Case title: United States of America v. Garrett

Date Filed: 09/22/2006
Date Terminated: 09/19/2007

Assigned to: Judge Philip P Simon
Referred to: Magistrate Judge Andrew
P Rodovich

### Defendant (1)

**Reginald E Garrett**
*TERMINATED: 09/19/2007*

represented by **John E Martin - FCD**
Federal Community Defenders Inc -
Ham/IN
Northern District of Indiana
31 Sibley Street
Hammond, IN 46320
219-937-8020
Fax: 219-937-8021
Email: john_martin@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or
Community Defender Appointment*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a
true copy of the original on file in this
court and cause.
STEPHEN R. LUDWIG, CLERK
By
DEPUTY CLERK
Date    JUN 0 6 2008

### Pending Counts

18:371 AND 2(a) CONSPIRACY TO
DEFRAUD THE UNITED STATES
AND AIDING AND ABETTING
(1)

### Disposition

Probation of 1 year. Special Assessment
of $100.00. No fine imposed.
Restitution to LaSalle Bank in amount
of $1,400.00, which is due immediately.
If unable to be paid immediately, then
payments at rate of $50.00 per month
until paid in full, payments to be made
to the Clerk, U.S. District Court, 5400
Federal Plaza, Hammond, Indiana.

### Highest Offense Level (Opening)

Felony

### Terminated Counts

18:1343 AND 2(a) FRAUD BY WIRE,
RADIO, OR TELEVISION AND
AIDING AND ABETTING
(2)

18:1344 AND 2(a) BANK FRAUD
AND AIDING AND ABETTING
(3)

### Disposition

Pursuant to Rule 48(a) of the Federal
Rules of Criminal Procedure and by
leave of Court, count 2 is DISMISSED
agnst dft Reginald E. Garrett.

Pursuant to Rule 48(a) of the Federal
Rules of Criminal Procedure and by
leave of Court, count 3 is DISMISSED
agnst dft Reginald E. Garrett.

### Highest Offense Level (Terminated)

Felony

### Complaints

None

### Disposition

---

### Plaintiff

**United States of America**                    represented by **Clarence Butler - AUSA, Jr**
US Attorney's Office - Ham/IN
5400 Federal Plaza Suite 1500
Hammond, IN 46320
219-937-5659
Fax: 219-852-2770
Email: USAINN.ECFCivil@usdoj.gov
*TERMINATED: 02/23/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dean R Lanter - AUSA**
US Attorney's Office - Ham/IN
5400 Federal Plaza Suite 1500
Hammond, IN 46320
219-937-5500
Fax: 219-852-2700
Email: dean.lanter@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel L Bella - AUSA**
US Attorney's Office - Ham/IN
5400 Federal Plaza Suite 1500
Hammond, IN 46320
219-937-5500
Fax: 219-852-2770
Email: daniel.bella@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 09/22/2006 | 1 | INDICTMENT as to Reginald E Garrett (1) count(s) 1, 2, 3. (rmn) (Entered: 09/25/2006) |
| 09/22/2006 | 2 | ARREST Warrant Issued in case as to Reginald E Garrett. (rmn) (Entered: 09/25/2006) |
| 10/12/2006 |   | Arrest of Reginald E Garrett (plm, ) (Entered: 10/12/2006) |
| 10/12/2006 | 3 | INITIAL APPEARANCE as to Reginald E Garrett held on 10/12/2006 before Judge Andrew P Rodovich. Govt appeared by AUSA Clarence Butler Jr. Dft appeared w/o Atty. Tonika Cooper appeared on behalf of U S Probation/Pretrial Services. Dft advised of constitutional rights, charges, penalties. Dft requests court-appointed counsel. Dft sworn re financial status. Request GRANTED. Bond set in the amount of $20,000 unsecured with supervision. Dft advised of statutory penalties for offenses committed on bond. Arraignment set for 10/17/2006 11:00 AM in Hammond before Magistrate Judge Andrew P Rodovich. Dft RELEASED.(Digitally Recorded.) (plm, ) (Entered: 10/12/2006) |
| 10/12/2006 |   | Judge update in case as to Reginald E Garrett. Judge Andrew P Rodovich added. (plm, ) (Entered: 10/12/2006) |
| 10/12/2006 | 4 | Appearance Bond Entered as to Reginald E Garrett in amount of $ 20,000.00. (plm, ) (Entered: 10/12/2006) |
| 10/12/2006 | 5 | ORDER Setting Conditions of Release as to Reginald E Garrett (1) . Signed by Judge Andrew P Rodovich on 10/12/06. (plm, ) (Entered: 10/12/2006) |
| 10/13/2006 | 6 | ATTORNEY APPEARANCE: John E Martin appearing for Reginald E Garrett (Martin, John) (Entered: 10/13/2006) |
| 10/13/2006 | 7 | ARREST Warrant Returned Executed on 10/12/2006 in case as to Reginald E Garrett. (rmn) (Entered: 10/16/2006) |
| 10/17/2006 | 8 | ARRAIGNMENT as to Reginald E Garrett (1) Count 1,2,3 held on 10/17/2006 before Judge Andrew P Rodovich. Govt appeared by AUSA Nicholas Padilla. Dft appeared with atty John Martin. Dft waives reading of Indictment and pleads NOT GUILTY to all counts. Arraignment Order attached to this minute setting forth deadlines/hearings. Pretrial Motions due by 11/17/2006. Jury Trial (primary setting) set for 12/18/2006 08:30 AM in Hammond before Judge Philip P Simon. Final Pretrial Conference set for 12/1/2006 02:30 PM in Hammond before Magistrate Judge Andrew P Rodovich. Dft RELEASED. (Digitally Recorded.) (plm, ) (Entered: 10/17/2006) |
| 11/29/2006 | 9 | First MOTION to Continue *Trial and Pre-trial conference dates* by United States of America as to Reginald E Garrett. (Bella, Daniel) (Entered: 11/29/2006) |
| 12/04/2006 | 10 | ORDER granting 9 Motion to Continue as to Reginald E Garrett (1). Jury Trial reset for 3/19/2007 08:30 AM in Hammond before Judge Philip P |

| | | |
|---|---|---|
| | | Simon as a second criminal setting. Final Pretrial Conference reset for 3/2/2007 02:30 PM in Hammond before Magistrate Judge Andrew P Rodovich. Signed by Judge Andrew P Rodovich on 12/4/2006. (rmn) (Entered: 12/04/2006) |
| 12/08/2006 | 11 | ATTORNEY APPEARANCE Dean R Lanter appearing for USA. (Lanter, Dean) (Entered: 12/08/2006) |
| 12/08/2006 | 12 | MOTION to Withdraw as Attorney by Clarence Butler, Jr. by United States of America as to Reginald E Garrett. (Butler, Clarence) (Entered: 12/08/2006) |
| 02/23/2007 | 13 | ORAL ORDER granting 12 Motion to Withdraw as Attorney. Clarence Butler - AUSA, Jr withdrawn from case as to Reginald E Garrett (1). APPROVED by Judge Andrew P Rodovich on 2/23/07. No pdf to follow. (plm) (Entered: 02/23/2007) |
| 02/23/2007 | 14 | PLEA AGREEMENT as to Reginald E Garrett (Lanter - AUSA, Dean) (Entered: 02/23/2007) |
| 02/27/2007 | 15 | NOTICE OF HEARING as to Reginald E Garrett: Change of Plea Hearing set for 3/9/2007 10:30 AM in Hammond before Judge Philip P Simon. (nac) (Entered: 02/27/2007) |
| 02/28/2007 | 16 | NOTICE re 10 . Final Pretrial Conference set for 03/02/2007 at 02:30 PM is VACATED. Parties have reached a plea agreement. To be reset if necessary. (plm) (Entered: 02/28/2007) |
| 02/28/2007 | | Terminate Deadlines and Hearings as to Reginald E Garrett: Final Pretrial Conference. (plm) (Entered: 02/28/2007) |
| 03/02/2007 | 17 | NOTICE OF HEARING as to Reginald E Garrett: Change of Plea Hearing RESET for 3/8/2007 02:00 PM in Hammond before Judge Philip P Simon. The previous setting of 3/9/2007 is VACATED from the court calendar of Judge Philip P. Simon.(nac) (Entered: 03/02/2007) |
| 03/08/2007 | 18 | CHANGE OF PLEA HEARING as to Reginald E Garrett held on 3/8/2007 before Judge Philip P. Simon. Gov't present by Dean Lanter, AUSA. Dft appears in person and by cnsl John Martin. U.S. Probation Officer J. Holm is present in person. Dft pleads guilty to count 1 of the Indictment. Dft is advised of Constitutional rights, charges and penalties. Court orders judgment of guilty entered upon the dft's plea of guilty to count 1 of the Indictment. Plea of guilty is accepted by the Court. Court reserves acceptance of plea agreement pending a review of the Presentence Investigation Report. Referred to U.S. Probation for PSI Rpt. Sentencing set for 6/7/2007 01:00 PM in Hammond before Judge Philip P Simon. Trial date of 3/19/2007 is VACATED on the court calendar of Judge Philip P. Simon. (Court Reporter Sharon Boleck-Mroz.) (nac) (Entered: 03/08/2007) |
| 06/04/2007 | 19 | MOTION to Continue *Sentencing* by United States of America as to Reginald E Garrett. (Lanter - AUSA, Dean) (Entered: 06/04/2007) |
| 06/05/2007 | 20 | ORDER granting 19 Motion to Continue Sentencing as to Reginald E Garrett (1). Sentencing reset for 9/18/2007 01:00 PM in Hammond before Judge |

| | | |
|---|---|---|
| | | Philip P Simon. Signed by Judge Philip P Simon on 6/4/2007. (rmn) (Entered: 06/05/2007) |
| 09/07/2007 | 21 | ORDER ON PETITION FOR ACTION ON CONDITIONS OF PRETRIAL RELEASE as to Reginald E Garrett. The Court ORDERS the issuance of a warrant. Signed by Judge Andrew P Rodovich on 9/7/2007. (Orig petition to UPSO) (rmn) (Entered: 09/10/2007) |
| 09/10/2007 | 22 | ARREST Warrant Issued in case as to Reginald E Garrett. (rmn) (Entered: 09/10/2007) |
| 09/11/2007 | 23 | ORDER ON PETITION FOR ACTION ON CONDITIONS OF PRETRIAL RELEASE as to Reginald E Garrett re 22 Warrant Issued. The Court ORDERS THE RECALL of the warrant 22 for Reginal Garrett. Signed by Judge Andrew P Rodovich on 9/11/2007. (cert copy to USMS) (rmn) (Entered: 09/11/2007) |
| 09/12/2007 | 24 | ARREST Warrant Returned (RECALLED PER COURT'S ORDER 23 in case as to Reginald E Garrett. (rmn) (Entered: 09/13/2007) |
| 09/13/2007 | 25 | NOTICE OF MANUAL FILING of by United States of America as to Reginald E Garrett (Lanter - AUSA, Dean) (Entered: 09/13/2007) |
| 09/13/2007 | 26 | Certificate of Service by United States of America as to Reginald E Garrett re 25 Notice of Manual Filing (Lanter - AUSA, Dean) (Entered: 09/13/2007) |
| 09/13/2007 | 27 | RECEIPT of sealed pleading re 25 from United States of America (rmn) (Entered: 09/13/2007) |
| 09/18/2007 | 28 | MOTION to Dismiss *Counts 2 and 3 of the Indictment* by United States of America as to Reginald E Garrett. (Lanter - AUSA, Dean) (Entered: 09/18/2007) |
| 09/18/2007 | 29 | ORDER:granting 28 Motion to Dismiss (counts 2 and 3) as to Reginald E Garrett. Signed by Judge Philip P Simon on 9/18/2007. (nac) (Replaced with correct order for this dft). (Entered: 09/18/2007) |
| 09/18/2007 | 30 | SENTENCING held on 9/18/2007 for Reginald E Garrett before Judge Philip P. Simon. Gov't present by Nick Padilla, AUSA. Dft in person and by cnsl John Martin. U.S. Probation Officer J. Holm is also present. Court accepts plea agreement. Sealed motion by the Gov't is granted. Dft sentenced on count 1: Probation of 1 year. Special Assessment of $100.00. No fine imposed. Restitution to LaSalle Bank in amount of $1,400.00, which is due immediately. If unable to be paid immediately, then payments at rate of $50.00 per month until paid in full, payments to be made to the Clerk, U.S. District Court, 5400 Federal Plaza, Hammond, Indiana. Counts 2 and 3 will be dismissed by the Gov't.Dft advised of rights to an appeal. Cnsl reminded of duty to perfect appeal, should client wish. (Court Reporter Sharon Boleck-Mroz.) (nac) (Entered: 09/18/2007) |
| 09/19/2007 | 31 | JUDGMENT as to Reginald E Garrett. Signed by Judge Philip P Simon on 9/19/2007. (nac) (NOTE: Error in J&C, several words left off of page 5 - this was corrected on 9/24/2007) (Entered: 09/19/2007) |
| | | |

| 05/14/2008 | 32 | ORDER TRANSFERRING JURISDICTION as to Reginald E Garrett to Northern District of Illinois. Signed by Judge Philip P Simon on 5/14/2008. (Awaiting signature of accepting judicial officer, original order to USPO) (rmn) (Entered: 05/19/2008) |
| 06/05/2008 | 33 | Letter from Northern District of Illinois requesting certified copies of documents. (mc) (Entered: 06/06/2008) |
| 06/05/2008 | 34 | Jurisdiction Transferred to Northern District of Illinois as to Reginald E Garrett Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (mc) (Entered: 06/06/2008) |

FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

06 SEP 22 PM 12: 52

STEP___ ___ ___ CLERK
FOR THE ___ ___ DISTRICT
O___ ___

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CAUSE NO: 2 : 06 CR 1 8 8 PS |
| | ) | |
| v. | ) | 18 U.S.C. § 371 |
| | ) | 18 U.S.C. § 1343 |
| REGINALD E. GARRETT | ) | 18 U.S.C. § 1344 |
| | ) | 18 U.S.C. § 2(a) |

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT 1

From in or about at least November 16, 2004, and continuing into at least November 18, 2004, the exact dates being unknown to the Grand Jury, in the Northern District of Indiana, and elsewhere,

### REGINALD E. GARRETT,

defendant herein, unlawfully, willfully and knowingly did combine, conspire, confederate and agree with persons known and unknown to the Grand Jury to commit wire and bank fraud against the United States by the following means:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a
true copy of the original on file in this
court and cause.
STEPHEN R. LUDWIG, CLERK
By _____
DEPUTY CLERK
Date _____ JUN 0 6 2008

1

## OBJECT OF THE CONSPIRACY

**INTRODUCTION**

1.      LaSalle Bank was a financial institution engaged in interstate commerce and had offices and

bank branches in Illinois.

2.      LaSalle Bank was a financial institution insured by the Federal Deposit Insurance

Corporation ("FDIC").

3.      The defendant, Reginald E. Garrett, had an account at LaSalle Bank located in the State of

Illinois. Furthermore, Reginald E. Garrett had a LaSalle Bank debit card for this account.

4.      Horseshoe Casino was a gambling casino located in Hammond, Indiana.

5.      Global Payments was a business based in Atlanta, Georgia and was engaged in interstate

commerce. Global Payments processed and cleared electronic fund transfers for various

banks and other facilities located throughout the United States.

6.      All processing and clearing of electronic fund transfers by Global Payments, which were

done for Horseshoe Casino, involved the transmission of electronic information from inside

the State of Indiana to outside the State of Indiana and across various state boundary lines.

7.      As part of the routine course of business at Horseshoe Casino, individuals wishing to gamble

could obtain a cash advance on either their credit card or through a debit to their bank debit

card.

8.      To obtain a cash advance with a credit card, an individual would have to present a valid

credit card to casino officials and request a cash advance in a specific dollar amount.

2

9.      To obtain cash with a debit card, an individual would have to present a debit card to casino officials and request a debit withdrawal in a specific dollar amount.

10.     With either a cash advance with a credit card, or a debit card transaction, casino officials would swipe this card through an electronic magnetic card processing device and enter additional data regarding the transaction (e.g., requested cash amount). This electronic data would then be transferred in interstate commerce from the State of Indiana to the State of Georgia by interstate wire to Global Payments. Global Payments would then electronically contact the bank that issued the debit or credit card to verify the availability of the requested funds. After receiving this information from the bank, Global Payments would either approve or disapprove the request. This approval or denial was then wired back to the Horseshoe Casino located in the State of Indiana.

11.     If approved, the amount of the credit card advance or debit card withdrawal was given to the individual in the form of a check. This check was then endorsed by the individual who requested the credit card advance or debit card withdrawal. This check was then cashed by the Casino and the funds were given to the individual.

**B.      PURPOSE OF THE SCHEME AND ARTIFICE**

12.     In or about November 2004, the defendant devised and intended to devise a scheme and artifice to attempt to defraud LaSalle Bank and Horseshoe Casino by obtaining and attempting to obtain money and funds of LaSalle Bank and Horseshoe Casino that the defendant was not legally entitled to.

3

## C.    THE SCHEME AND ARTIFICE

### OVERT ACTS

As part of this scheme and artifice, Reginald E. Garrett, did

13.    Knowingly plan to deposit into his LaSalle Bank account in Chicago, Illinois a fraudulent check drawn on FT Motors at TCF in the amount of $3,500, and attempt to take a cash advance on that check prior to the discovery by LaSalle Bank, or Horseshoe Casino that, in fact, the check deposited into the account was fraudulent.

14.    On or about November 17, 2004, Reginald E. Garrett, did cause to be deposited into his LaSalle Bank checking account a check in the amount $3,500.00 which was drawn on the account of FT Motors at TCF for $3,500.00. The purpose of this deposit was to fraudulently inflate the available account balance so that a cash advance could be taken against this amount.

15.    That on or about November, 18, 2004,  Reginald E. Garrett did travel to the Horseshoe Casino in Hammond, Indiana and attempt to use the funds from this $3,500.00 fraudulent check which was returned as refer to maker.

16.    That Reginald Garrett did execute the scheme by fraudulently conducting a cash advances at the Horseshoe Casino in the amount of $1,400.00 relative to the LaSalle Bank account.

4

D.    THE (WIRE) COMMUNICATION

On or about November 18, 2006, in the Northern District of Indiana,

## REGINALD E. GARRETT

the defendant herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted in interstate commerce from Horseshoe Casino located in Hammond, Indiana, to Global Payments, in Atlanta, Georgia, by means of a wire communication, certain signals, that is, electronic data and information, which was necessary to complete a $1,400.00 cash back debit card transaction;

All in violation of Title 18, United States Code, Sections 371 and 2(a).

5

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 2

From on or about November 16, 2004, through November 18, 2004 in the Northern District of Indiana,

### REGINALD E. GARRETT

the defendant herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted in interstate commerce from Horseshoe Casino located in Hammond, Indiana, to Global Payments, in Atlanta, Georgia, by means of a wire communication, certain signals, that is, electronic data and information, which was necessary to complete a $1,400.00 cash back debit card transaction;

## OBJECT OF THE CONSPIRACY

**INTRODUCTION**

1. LaSalle Bank was a financial institution engaged in interstate commerce and had offices and bank branches in Illinois.

2. LaSalle Bank was a financial institution insured by the Federal Deposit Insurance Corporation ("FDIC").

3. The defendant, Reginald E. Garrett, had an account at LaSalle Bank located in the State of Illinois. Furthermore, Reginald E. Garrett had a LaSalle Bank debit card for this account.

4. Horseshoe Casino was a gambling casino located in Hammond, Indiana.

5. Global Payments was a business based in Atlanta, Georgia and was engaged in interstate commerce. Global Payments processed and cleared electronic fund transfers for various banks and other facilities located throughout the United States.

6. All processing and clearing of electronic fund transfers by Global Payments, which were done for Horseshoe Casino, involved the transmission of electronic information from inside the State of Indiana to outside the State of Indiana and across various state boundary lines.

7. As part of the routine course of business at Horseshoe Casino, individuals wishing to gamble could obtain a cash advance on either their credit card or through a debit to their bank debit card.

8. To obtain a cash advance with a credit card, an individual would have to present a valid credit card to casino officials and request a cash advance in a specific dollar amount.

9. To obtain cash with a debit card, an individual would have to present a debit card to casino officials and request a debit withdrawal in a specific dollar amount.

7

10.   With either a cash advance with a credit card, or a debit card transaction, casino officials would swipe this card through an electronic magnetic card processing device and enter additional data regarding the transaction (e.g., requested cash amount). This electronic data would then be transferred in interstate commerce from the State of Indiana to the State of Georgia by interstate wire to Global Payments. Global Payments would then electronically contact the bank that issued the debit or credit card to verify the availability of the requested funds. After receiving this information from the bank, Global Payments would either approve or disapprove the request. This approval or denial was then wired back to the Horseshoe Casino located in the State of Indiana.

11.   If approved, the amount of the credit card advance or debit card withdrawal was given to the individual in the form of a check. This check was then endorsed by the individual who requested the credit card advance or debit card withdrawal. This check was then cashed by the Casino and the funds were given to the individual.

**B.    PURPOSE OF THE SCHEME AND ARTIFICE**

12.   In or about August of 2004, the defendant devised and intended to devise a scheme and artifice to attempt to defraud LaSalle Bank and Horseshoe Casino by obtaining and attempting to obtain money and funds of LaSalle Bank and Horseshoe Casino that the defendant was not legally entitled to.

8

## C.   THE SCHEME AND ARTIFICE

### OVERT ACTS

As part of this scheme and artifice, Reginald E. Garrett, did

13.   Knowingly plan to deposit into his LaSalle Bank account in Chicago, Illinois a fraudulent check drawn on FT Motors at TCF in the amount of $3,500,  and attempt to take a cash advance on that check prior to the discovery by LaSalle Bank, or Horseshoe Casino that, in fact, the check deposited into the account was fraudulent.

14.   On or about November 17, 2004, Reginald E. Garrett, did cause to be deposited into his LaSalle Bank checking account a check in the amount $3,500.00 which was drawn on the account of FT Motors at TCF for $3,500.00. The purpose of this deposit was to fraudulently inflate the available account balance so that a cash advance could be taken against this amount.

15.   That on or about November, 18, 2004,   Reginald E. Garrett did travel to the Horseshoe Casino in Hammond, Indiana and attempt to use the funds from this $3,500.00 fraudulent check which was returned  as refer to maker.

16.   That Reginald Garrett did execute the scheme by fraudulently conducting a cash advances at the Horseshoe Casino in the amount of $1,400.00 relative to the LaSalle Bank account.

**D.    THE (WIRE) COMMUNICATION**

On or about November 18, 2006, in the Northern District of Indiana,

**REGINALD E. GARRETT**

the defendant herein, for the purpose of executing the above-described scheme and attempting to do

so, did knowingly cause to be transmitted in interstate commerce from Horseshoe Casino located in

Hammond, Indiana, to Global Payments, in Atlanta, Georgia, by means of a wire communication,

certain signals, that is, electronic data and information, which was necessary to complete a $1,400.00

cash back debit card transaction;

All in violation of Title 18, United States Code, Sections 1343 and 2(a).

**THE GRAND JURY FURTHER CHARGES**:

### COUNT 3

1.     The Grand Jury realleges and incorporates by reference paragraphs 1 through 16 of Count

One of this indictment.

2.     On or about November 18,  2004, in the Northern District of Indiana,

### REGINALD E. GARRETT

the defendant herein, for the purpose of executing the above-described  scheme and attempting to

do so, did knowingly use a LaSalle Bank debit card to attempt to engage in the unauthorized

withdrawal of $1,400.00 from LaSalle Bank, a financial institution insured by the Federal Deposit

Insurance Corporation (FDIC);

All in violation of Title 18, United States Code, Section 1344 and 2(a).

A TRUE BILL:

s/ Foreperson
FOREPERSON

JOSEPH S. VAN BOKKELEN
UNITED STATES ATTORNEY

By:     s/ CLARENCE BUTLER, JR.
Clarence Butler, Jr.
Assistant United States Attorney

11

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

|  NORTHERN  |  District of  |  INDIANA  |
|---|---|---|

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | |

REGINALD E. GARRETT

| Case Number: | 2:06 CR 188 PS |
|---|---|
| USM Number: | 09010-027 |

John Martin
Defendant's Attorney

## THE DEFENDANT:

x  pleaded guilty to count(s)    1

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1343, 1344 and 371 | Conspiracy to Commit Wire and Bank Fraud | 11/9/2004 | I |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

x  Count(s)   2 and 3 _____ ☐ is   x are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 18, 2007
Date of Imposition of Judgment

S/Philip P. Simon
Signature of Judge

Philip P. Simon, U.S. District Court Judge
Name and Title of Judge

September 18, 2007
Date

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a
true copy of the original on file in this
court and cause.
STEPHEN R. LUDWIG, CLERK
By
Date    JUN 06 2008    DEPUTY CLERK

case 2:06-cr-00188-PPS-APR    document 31    filed 09/19/2007    page 2 of 5

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 4—Probation

Judgment—Page ___2___ of ___5___

DEFENDANT:      REGINALD E. GARRETT
CASE NUMBER:    2:06 CR 188 PS

# PROBATION

The defendant is hereby sentenced to probation for a term of :          1 year

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests per month thereafter.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

x    **The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.**

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1.  The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.

2.  The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.

3.  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4.  The defendant shall support the defendant's dependents and meet other family responsibilities.

5.  The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

6.  The defendant shall notify the probation officer at least ten (10) days prior to any change of residence or employment.

7.  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician.

8.  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court.

9.  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.

15. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

case 2:06-cr-00188-PPS-APR    document 31    filed 09/19/2007    page 3 of 5

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 4A — Probation

Judgment—Page ___3___ of ___5___

DEFENDANT:        REGINALD E. GARRETT
CASE NUMBER:    2:06 CR 188 PS

## ADDITIONAL PROBATION TERMS

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

The defendant shall participate in a drug aftercare treatment program under a co-payment plan which may include testing for the detection of drugs of abuse at the direction and discretion of the probation officer.

The defendant shall participate in a co-payment program to offset the cost of treatment. The co-payment amount is based on annual poverty guidelines established by the U.S. Department of Health and Human Services (HHS) on a sliding scale basis. The co-payment amount shall not exceed an amount determined by the Probation Officer's Sliding Scale For Monthly co-Payment.

While under supervision, the defendant shall not consume alcoholic beverages or any mood altering substances, which overrides the "no excessive use of alcohol" language in Standard Condition #7.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
            Sheet 5 — Criminal Monetary Penalties

| | Judgment — Page | 4 | of | 5 |

DEFENDANT:        REGINALD E. GARRETT
CASE NUMBER:      2:06 CR 188 PS

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ none | $ 1,400.00 |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered
    after such determination.

X  The defendant shall make restitution (including community restitution) payable to Clerk, U.S. District Court, 5400 Federal Plaza,
   Hammond, IN 46320 for the following payees in the amount listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in
   the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid
   before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| LaSalle Bank | $1,400.00 | $1,400.00 | |
| **TOTALS** | $ 1,400.00 | $ 1,400.00 | |

x  Restitution amount ordered pursuant to plea agreement  $  1,400.00

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the
    fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject
    to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   x  the interest requirement is waived for the   ☐ fine   x  restitution.

   ☐  the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after
September 13, 1994, but before April 23, 1996.

case 2:06-cr-00188-PPS-APR    document 31    filed 09/19/2007    page 5 of 5

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ___5___ of ___5___

DEFENDANT:    REGINALD E. GARRETT
CASE NUMBER:    2:06 CR 188 PS

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    X    Lump sum payment of $ ___1,500.00___    due immediately, balance due

    ☐   not later than _____ , or
    ☐   in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B    ☐    Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

C    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

E    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    x    Special instructions regarding the payment of criminal monetary penalties:

    The restitution shall be paid in full immediately. If the restitution cannot be paid in full immediately, then the remaining
    restitution shall be paid at a minimum rate of $50.00 per month, until said amount is paid in full.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial
Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.